UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. KING, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1987 (JCH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Movant Christopher J. King's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. No. 1), filed November 29, 2007. The Government filed its Response on January 7, 2008. (Doc. No. 5). Movant did not file a reply.

## BACKGROUND

On February 8, 2006, Movant was charged by indictment with one count of Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (4:06-cr-110 (JCH) ("Criminal Case"), Indictment, Doc. No. 12). On May 3, 2006, Movant pleaded guilty to this charge. (Criminal Case, Plea Agreement, Doc. No. 29). On December 21, 2006, the Court sentenced him to a term of imprisonment of 188 months. (Criminal Case, Judgment, Doc. No. 45). Movant did not file an appeal.

As previously stated, Movant filed his § 2255 Motion on November 29, 2007. In this motion, Movant alleges that he received ineffective assistance of counsel, in violation of the Sixth Amendment, in that:

1

1. His counsel failed to argue that his sentence could not be enhanced by 18 U.S.C. § 924(e) because the indictment did not charge him with violating it; and

2. His counsel failed to argue that the application of § 924(e) breached the Plea Agreement.[1]

(Memo. in Supp., Doc. No. 1).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

## DISCUSSION

### I. Standard For Claim Of Ineffective Assistance Of Counsel

---

[1] For the sake of clarity, the Court divided Movant's single claim into two claims.

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

With these standards in mind, the Court will analyze both of Movant's claims.

**II.  Claim One**

In Claim One, Movant alleges that he received ineffective assistance of counsel when his counsel failed to argue that his sentence could not be enhanced by § 924(e) because it was not charged in the indictment. The Government responds that it did not have to charge § 924(e) in the indictment.

Section 924(e) states, in relevant part, that:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the

3

sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). This provision is not considered a separate offense, rather it is a statutorily mandated sentence enhancement for defendants that have three prior convictions for either violent felonies or serious drug offenses. See United States v. Washington, 992 F.2d 785, 787 (8th Cir. 1993). The Supreme Court has held that prior convictions may be used to enhance a defendant's sentence without being charged in the indictment or submitted to a jury. See Apprendi v. New Jersey, 530 U.S. 466, 488-90 (2001) (discussing Almendarez-Torres v. United States, 523 U.S. 224 (1998)). . The Eighth Circuit has held that because § 924(e) uses prior convictions to enhance a defendant's sentence, it does not have to be charged in the indictment. United States v. Morgan, 202 Fed. Appx. 933, 933 (8th Cir. 2007).

Upon consideration, Movant cannot show that his counsel's performance was deficient. Rather, his counsel's decision not to advance this argument was objectively reasonable because this argument had no chance of succeeding. See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1992) (holding counsel is not required to raise mertiless objections). Claim One is denied.

### III. Claim Two

In Claim Two, Movant asserts that he received ineffective assistance of counsel because his counsel failed to argue that enhancing his sentence breached the Plea Agreement. The Government responds that the Plea Agreement expressly states that § 924(e) possibly could enhance his sentence.

The Plea Agreement, in relevant part, states:

> **A. Statutory Penalties**: The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

4

> The defendant fully understands that the crime to which a guilty plea is being entered may require a mandatory minimum term of imprisonment of at least 15 years.
>
> **B. Possibility of Enhanced Criminal Status**: . . .
>
> In certain situations under the provisions of Title 18, United States Code, Section 924(e) and Section 4B1.4 of the guidelines, the defendant may be subject to some or all of the following: a mandatory minimum sentence of fifteen (15) years, a maximum sentence greater than described above, an enhanced Criminal History Category, and an enhanced Offense Level. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea in this case in the event the Presentence Investigation Report determines the foregoing statute and guidelines apply to the defendant's sentence. The defendant does, however, retain the right to litigate these issues at sentencing.

(Criminal Case, Plea Agreement, Doc. No. 29 at ¶ 6(A)-(B)).

Upon consideration, Movant cannot show that he received ineffective assistance of counsel. The Plea Agreement explicitly states that § 924(e) may result in him receiving a fifteen year sentence. (Id.). As such, it was objectively reasonable for counsel not to object to Movant receiving an enhanced sentence. Thomas, 951 F.2d at 904. Claim Two is denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED** and his claims are **DISMISSED.** A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 31st day of July, 2008.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE